UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH RUBIN, as a personal representative
of the estate of DONALD BRUCE RUBIN,

    Plaintiff,

v.                                                  CASE NO: 8:05-cv-690-T-30TBM

CITY OF TEMPLE TERRACE, et al.

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss and/or Motion for More Definitive Statement (Dkt. #4). In their Motion, Defendants assert that Plaintiff's complaint is "deficient, ambiguous, and unclear in a number of respects and should be Dismissed." The Court having considered the Motion and being otherwise fully advised, finds that the Motion should be granted and Plaintiff given leave to amend the Complaint.

The appropriate standard for deciding to dismiss a complaint is whether it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court must view the complaint in the light most favorable to the plaintiff and construe the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a

complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). Still, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47.

Plaintiff's Complaint is not separated into separate counts nor does the Complaint specify which causes of action are alleged against which Defendants. Moreover, it is unclear whether Plaintiff is asserting causes of action pursuant to 42 U.S.C. §1983, or state law, or both. Consequently, Plaintiff's Complaint does not provide this "fair notice" to the Defendants of what claims it must defend against.

It is therefore ORDERED AND ADJUDGED that

1. Defendant's Motion to Dismiss (Dkt. #4) is **GRANTED**.

2. Plaintiff is granted leave to file an amended complaint if he can allege facts that constitute a viable cause of action. Plaintiff has twenty (20) days to file this amended complaint.

DONE and ORDERED in Tampa, Florida on this 26 day of May, 2005.

JAMES S. MOODY, JR.
United States District Court Judge

Copies furnished to:
Counsel/Parties of Record