**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ELIZABETH RUBIN, etc.,**

    **Plaintiff,**

v.                                           Case No.  8:05-cv-690-T-30TBM

**CITY OF TEMPLE TERRACE, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Temple Terrace Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint "Dated September 9, 2005" for Damages and Demand for Jury Trial and Memorandum of Law in Support (Dkt. # 27) and  Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint "Dated September 9, 2005" (Dkt. # 28).  The Court, having considered the motion and response, and being otherwise fully advised, finds that the motion should be denied.

This action arises out of the suicide of Donald Bruce Rubin on February 20, 2003, while Rubin was in the custody of the Temple Terrace Police Department.  Plaintiff alleges that Defendants failed to follow  the "Police Department's Holding Cell Procedures" which require officers to remove a detainee's personal property, including shoes and shoelaces. Rubin, who allegedly was "coming down" off of cocaine, hung himself with a noose he fashioned from his shoelaces.

Defendants have moved to dismiss the Second Amended Complaint on the grounds that the "Holding Cell Procedures" were not published, promulgated and adopted until June 13, 2003, almost four months after the incident alleged in the complaint. Defendants also argue that the complaint is vague and ambiguous and that it fails to state a cause of action against the individual officers.

In response, Plaintiff argues that she is alleging a violations of procedures that were in effect at the time Rubin committed suicide, and not violations of the procedures adopted on June 13, 2003. Plaintiff also asserts that the complaint is not ambiguous and that it does properly state a cause of action against the individual Defendants.

The Court must accept that allegations in the complaint as true and construe them in a light most favorable to the non-moving party. The Court is unable to determine from a plain reading of the complaint whether Plaintiff is referencing the procedures adopted on June 13, 2003, or some prior procedures that were in place prior to February 20, 2003. Accordingly, construing the allegations in a light most favorable to Plaintiff, the motion to dismiss is denied. However, if Plaintiff is ultimately unable to demonstrate the existence of any holding cell procedures prior to June 13, 2003, Defendants may move for sanctions against Plaintiff.[1]

---

[1] The Court finds that Defendants' remaining grounds to dismiss are without merit.

It is therefore ORDERED AND ADJUDGED that:

1. Temple Terrace Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint "Dated September 9, 2005" for Damages and Demand for Jury Trial and Memorandum of Law in Support (Dkt. # 27) is DENIED.

2. Defendants shall file an answer to the Second Amended Complaint (Dkt. # 24) within fifteen (15) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 15, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-690.mtd second am cplt.wpd